# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| E.T., by and through her parents and next friends; D.D., by and through her parents and next friends; E.R., by and through her parents and next friends; J.R., by and through her parents and next friends; H.M., by and through her parents and next friends; N.C., by and through her parents and next friends; J.G., by and through her parents and next friends; E.S., by and through her parents and next friends; M.P., by and through her parents and next friends; S.P., by and through her parents and next friends; R.S., by and through her parents and next friends; J.V., by and through her parents and next friends; H.P., by and through her parents and next friends; and A.M., by and through her parents and next friends, <br><br>  Plaintiffs, <br><br>  v. <br><br> GOVERNOR GREG ABBOTT, in his official capacity as GOVERNOR OF TEXAS; MIKE MORATH, in his official capacity as the COMMISSIONER of the TEXAS EDUCATION AGENCY; the TEXAS EDUCATION AGENCY; and ATTORNEY GENERAL KENNETH PAXTON, in his official capacity as ATTORNEY GENERAL OF TEXAS, <br><br>  Defendants. | Civil Action No. 1:21-CV-00717-LY |

## RESPONSE TO DEFENDANTS' BRIEFING ADDRESSING PROPRIETY OF CURRENT PARTIES

Defendants are proper parties and Plaintiffs have standing to sue to enjoin enforcement of the provisions in the Governor's Executive Order GA-38 that prohibit school districts from requiring masks. *First*, all Defendants are proper parties under Section 504 of the Rehabilitation Act, which is not subject to the sovereign immunity analysis under *Ex Parte Young*. *Second*, even under *Ex Parte Young*, the law and the evidence flatly contradict Defendants' assertion that they do not enforce GA-38. Defendants are acting to enforce GA-38's mask provisions[1] and, as a result, school districts that would have required masks have refrained from doing so. And *third*, Plaintiffs have standing to sue because their injuries are fairly traceable to Defendants' actions and the injunctive and declaratory relief Plaintiffs seek will redress those injuries.

## APPLICABLE LAW

A state waives its Eleventh Amendment immunity as to claims under Section 504 by accepting federal funds conditioned on such waiver. *Pace v. Bogalusa City Sch. Bd.*, 403 F.3d 272, 274 (5th Cir. 2005) (en banc). In addition, the *Ex Parte Young* doctrine allows a plaintiff to bypass Eleventh Amendment immunity by suing state officials in their official capacities to enjoin ongoing violations of federal law. *Air Evac EMS, Inc. v. Texas, Dep't of Ins., Div. of Workers' Comp.*, 851 F.3d 507, 518 (5th Cir. 2017) (citing *Ex Parte Young*, 209 U.S. 123, 155–56 (1908)). But the doctrine can only be invoked against state officials who are sufficiently connected to the enforcement of the challenged state law. *Id.* ("*Ex Parte Young* requires defendants have 'some connection' to the state law's enforcement and threaten to exercise that authority."). The *Ex Parte*

---

[1] As discussed below, just hours before Defendants filed their brief in this matter on Friday, Sept. 3, 2021 the Attorney General's Office sent yet another letter threatening to take legal action against a school district if it did not withdraw its mask requirement. *See* Exhibit A. And just today, the Attorney General's Office made another update to its list of non-compliant school districts: https://www.texasattorneygeneral.gov/covid-governmental-entity-compliance (last updated: 9/7/2021, 11:11 A.M. CT).

*Young* analysis is fact-specific and can turn on "subtle distinctions" between different cases. *Id*. To satisfy the "some connection" requirement, a plaintiff must typically show that actions by a state official have resulted in "compulsion or constraint." *K.P. v. LeBlanc*, 627 F.3d 115, 124 (5th Cir. 2010). Courts require only a "scintilla" of enforcement to establish such a connection. *City of Austin v. Paxton*, 943 F.3d 993, 996, 1000–02 (5th Cir. 2019).

Lastly, to have Article III standing, "the plaintiff must demonstrate injury in fact that is fairly traceable to the defendant's conduct and that would be redressed by a favorable judicial decision." *NiGen Biotech, L.L.C. v. Paxton*, 804 F.3d 389, 396 (5th Cir. 2015) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)).

## ANALYSIS

**I.   Defendants Have Waived Sovereign Immunity as to Plaintiffs' Section 504 Claim.**

Defendants are properly sued under Section 504, and that claim need not satisfy the *Ex Parte Young* standard because an agency or arm of the State of Texas waives its sovereign immunity by accepting federal financial assistance. *See* 42 U.S.C. § 2000d-7(a); *Pace v. Bogalusa City Sch. Bd.*, 403 F.3d 272, 287 (5th Cir. 2005) (en banc) (Louisiana education agencies waived immunity from Section 504 claims by accepting federal funding); *Danny R. ex rel. Ilan R. v. Spring Branch Indep. Sch. Dist.*, 124 F. App'x 289, 289–90 (5th Cir. 2005) (citing *Pace* in holding that TEA is not immune from suit under Section 504). Defendants have each accepted federal funds and, as a result, waived immunity from Plaintiffs' Section 504 claim.[2]

---

[2] For example, the Governor's Office received pandemic relief funds under the CARES Act, *see* https://gov.texas.gov/news/post/governor-abbott-allocates-emergency-education-relief-funding-for-texas-higher-education, and the TEA has received ESSER funding under the ARP Act. Dkt. 21 ¶ 97. The Attorney General's Office receives funding for various law enforcement programs. *See* https://www.usaspending.gov/recipient/4a2062fe-3ef6-bcc3-49de-6a17aff8ba31-C/latest.

**II.     Defendants Are Also Proper Parties under the Ex Parte Young Doctrine.**

**A.     Attorney General Paxton is a proper party.**

The Attorney General's public statements and actions make abundantly clear that he claims the authority to enforce and is threatening to enforce GA-38's mask provisions against school districts, and many school districts have refrained from requiring masks as a result of his enforcement efforts. Thus, he is a proper defendant and Plaintiffs have standing to sue him.

**1.     The Attorney General is Enforcing GA-38 Against School Districts.**

Defendants' contention that the Attorney General "does not enforce GA-38" is at odds with their own words and actions as well as contrary to the law. Most notably, the Office of the Attorney General is *still* threatening legal action against school districts that impose mask requirements. On Friday, Sept. 3, 2021 – just hours before Defendants filed their brief – OAG sent a letter to Honey Grove ISD stating that in light of the Texas Supreme Court's stay of the lower courts' injunction orders, OAG intends to enforce the mask provisions of GA-38:

> ***This office*** will pursue further legal action, including any available injunctive relief, costs and attorney's fees, penalties, and sanctions—including contempt of court—available at law against any local jurisdiction and its employees that persist in enforcing local mask mandates in violation of GA-38 and any applicable court order. (Ex. A, emphasis added).

Defendants focus myopically on the penalty provision of GA-38, which provides a fine of up to $1,000. Dkt. 21-1, Ex. A, ¶ 4. Absent any criminal prosecution under this provision, Defendants argue, there is no "enforcement." Dkt. 24 at 3–4. But under Fifth Circuit caselaw, the "compulsion or constraint" required to establish enforcement by state officials can take forms other than criminal prosecution. *See, e.g.*, *K.P.*, 627 F.3d at 124 (medical board's decision to deny payment for abortion-related claims was "enforcement"); *NiGen*, 804 F.3d at 392–93 (Attorney General's letters threatening DTPA action against supplement manufacturer was "enforcement").

The Attorney General has repeatedly made specific threats to sue school districts that have

adopted mask mandates. For example, the Attorney General has threatened Round Rock ISD:

> "***My office has taken*** legal action in multiple cases across the state to defend the rule of law by ensuring the Governor's valid and enforceable orders are followed . . . . ***My office will pursue*** further legal action, including any available injunctive relief, costs and attorney's fees, penalties, and sanctions—including contempt of court—available at law against any local jurisdiction and its employees that persist in enforcing local mask mandates in violation of GA-38 and any applicable court order . . . [Y]ou will face legal action taken ***by my office*** to enforce the Governor's order and protect the rule of law."[3]

The Attorney General sent similar enforcement letters to at least sixty different school districts.[4] In addition, the Attorney General has publicly threatened to sue local authorities who attempt to implement mask mandates: (1) "Dem local govts didn't care so ***I sued them*** . . . All public entities must comply—or be sued and lose over and over again"; (2) "[i]f government entities continue to blatantly disregard state law, ***I will sue*** every single one of them"; and (3) "***I will defend TX Law & sue*** every entity that violates it." Dkt. 21-6–8, Exs. F, G, H (emphasis added). The Attorney General has also invited parents to inform his office of school districts that attempt to require masks, further showing his intent to enforce GA-38's mask provisions. Dkt. 21-5, Ex. E.

Given these facts, the controlling precedent for this case is *NiGen Biotech, L.L.C. v. Paxton*, in which the Fifth Circuit concluded the Attorney General was a proper defendant under *Ex parte Young* based on letters he sent to the manufacturer and retailers of a purportedly mislabeled nutritional supplement threatening enforcement action under the Deceptive Trade Practices Act. 804 F.3d at 392–94. The Attorney General's numerous specific threats of legal action against

---

[3] Dkt. 21-4, Ex. D at 2 (Aug. 17, 2021 letter to Round Rock ISD) (emphasis added). OAG has continued to make substantially similar threats to other school districts, including Eanes ISD. *See* https://www.kxan.com/news/education/texas-attorney-general-threatens-legal-action-against-school-districts-still-enforcing-mask-mandates/ (Sept. 2, 2021).

[4] *See* Attorney General Paxton, COVID-19: List of Government Entities Unlawfully Imposing Mask Mandates, https://www.texasattorneygeneral.gov/covid-governmental-entity-compliance (last updated: 9/7/2021, 11:11 A.M. CT). At least sixty of the "non-compliant" school districts on the list bear an asterisk indicating that they have received an enforcement letter. *See id.* ("* indicates currently not in compliance; letter sent by the Texas Attorney General's Office.").

school districts are far more than a "scintilla" of enforcement, and suffice by themselves to establish the "connection" to enforcement required under *Ex parte Young*. *See City of Austin*, 943 F.3d at 1002. That is what sharply distinguishes this case from others in which courts concluded statements by the Attorney General were insufficiently specific to establish his enforcement role.[5]

But there is more. These warnings of legal action are not mere empty threats: the Attorney General has already filed a civil lawsuit against a school district to enforce another provision of GA-38 that prohibits vaccine requirements. That lawsuit, brought in the name of the State of Texas, asserts that "Texas, as a sovereign entity, 'has an intrinsic right to enact, interpret, and enforce its own laws'" and "[t]he State is 'the guardian and protector of all public rights' and has authority to sue to redress any violations of those rights.'"[6] Notably absent from the Attorney General's vaccine lawsuit and from his numerous letters threatening litigation over mask mandates is any suggestion that "local district attorneys" are necessary to the enforcement of GA-38. Thus, Defendants' present contention that "[t]he Attorney General does not enforce GA-38" is contradicted by his own statements and actions.

Finally, the fact that GA-38 does not specifically name the Attorney General as responsible

---

[5] *See, e.g.*, *Tex. Democratic Party v. Abbott*, 978 F.3d 168, 181 (5th Cir. 2020) (Attorney General sent letter to election officials advising voting practice was unlawful, but "did not make a specific threat or indicate that enforcement was forthcoming"); *In re Abbott*, 956 F.3d 696, 709 (5th Cir. 2020), *jgmt. vacated on other grounds sub nom. Planned Parenthood v. Abbott*, No. 20-305, 2021 WL 231539 (U.S. Jan. 25, 2021) (Attorney General's press release stating "[t]hose who violate the governor's order will be met with the full force of the law" did not specify he would play any role in enforcement); *In re Abbott*, 601 S.W.3d 802, 809 (Tex. 2020) (Attorney General's Twitter statement that he "will not stand for" noncompliance with executive order on pretrial detainees did not specify his office would be undertaking enforcement); *cf. City of Austin*, 943 F.3d at 1000 (City's assertion that Attorney General "*might*" sue to enforce challenged law, based on his prior history of intervening against the City in litigation on other matters, was insufficient).

[6] *State of Texas v. San Antonio ISD*, Cause No. 2021-CI-16916 (285th District Court of Bexar County, Aug. 19, 2021), Original Petition and Applications for Temporary Restraining Order and Temporary Injunction, at ¶¶ 26–27 (Dkt. 21-3, Ex. C).

for its enforcement does not save him under the *Young* analysis. GA-38 provides a $1,000 fine for local officials who violate its mask provisions (Dkt. 21-1, Ex. A ¶ 4.b), but the order nowhere states that the fine is the sole means of enforcement, nor does it limit enforcement to any particular official or agency. Several cases relied on by Defendants are distinguishable on this point, because the statutes at issue in those cases expressly limited enforcement to other state agencies or to private litigants.[7] Because GA-38 purports to implement a uniform, statewide response to COVID-19, *id.* at 1, § 5, it is arguably consistent with the order's purpose of uniformity for the Attorney General to take it upon himself to enforce GA-38's mask provisions rather than risk non-enforcement by local officials. Without any language in GA-38 expressly tasking enforcement to some other official or agency, and given his own statements and actions asserting his authority to enforce GA-38, the Attorney General has sufficient "connection" to its enforcement to be subject to suit under *Ex parte Young*. *See City of Austin*, 943 F.3d at 998.

### 2.     Plaintiffs have standing to sue the Attorney General.

Plaintiffs have standing to sue the Attorney General because their injury is fairly traceable to his enforcement campaign against school mask mandates, and their injury would be redressed by an injunction prohibiting him from such enforcement. *See NiGen*, 804 F.3d at 396; *Lujan*, 504 U.S. at 560. The evidence shows that many school districts which planned to—and still wish to—

---

[7] *See, e.g.*, *6th Street Business Partners LLC v. Abbott*, No. 1:20-CV-706-RP, 2020 WL 4274589, at *3–4 (W.D. Tex. 2020) (Pitman, J.) (Governor was not proper defendant in suit challenging his executive order closing bars during pandemic lockdown, because Texas Alcoholic Beverage Commission had regulatory responsibility and was actually enforcing order); *Sullo & Bobbitt, PLLC v. Abbott*, No. 3:11–CV–1926–D, 2012 WL 2796794, at *5 (N.D. Tex. 2012), *aff'd*, 2013 WL 3783751 (5th Cir. 2013) (Attorney General was not proper defendant in suit challenging civil barratry statute which only allowed enforcement by private litigants); *Okpalobi v. Foster*, 244 F.3d 405, 426 (5th Cir. 2001) (en banc) (Louisiana Governor and Attorney General were not proper defendants because they had no role in enforcing statute which allowed private litigants to sue doctors performing abortions).

implement mask mandates have refrained from doing so for fear that the Attorney General will take legal action against them. The Attorney General's website specifically identifies at least sixteen school districts that were "previously not in compliance" with GA-38's prohibition on mask requirements but are "[n]ow in compliance," presumably after receiving letters from his office threatening enforcement actions.[8] Moreover, some school officials have expressly stated that they would impose mask requirements if GA-38 did not prohibit them from doing so.[9]

Finally, Defendants incorrectly assert that Plaintiffs lack standing because an injunction may not preclude local district attorneys from enforcing GA-38. Dkt. 24 at 4. Plaintiffs seek not only injunctive relief against the named Defendants, but also a declaratory judgment that the mask-related provisions of GA-38 and TEA's Public Health Guidance violate federal law. Local district attorneys currently are not seeking to enforce GA-38 and will be less likely to do so if the Court issues the requested judgment. Thus, Plaintiffs' injuries will be redressed by the relief they are seeking. *See Sanchez v. R.G.L.*, 761 F.3d 495, 506 (5th Cir. 2014) (holding that the relief sought need not completely cure the injury; it is enough if the desired relief would lessen it).

### B. Governor Abbott is a proper party.

Governor Abbott is also a proper defendant based on the same *Ex parte Young* and standing analysis discussed above. The Governor's public statements show that he is collaborating with and supporting the Attorney General's enforcement campaign.[10] Furthermore, another Court in

---

[8] *See* https://www.texasattorneygeneral.gov/covid-governmental-entity-compliance (last updated: 09/07/2021, 11:11 A.M. CT).

[9] For example, the superintendent of a Denton County charter school which temporarily shut down after 10% of its students tested positive for COVID stated that "[b]ecause of the litigation involved with mask mandates, the Board voted to take the recommendation of legal counsel and continue following Gov. Abbott's Executive Order." *See* https://myemail.constantcontact.com/Knightly-News-8-25-21-School-Closure.html?soid=1126348024290&aid=IRFz0FeeGA4.

[10] *E.g.*, "**Governor Greg Abbott** and Attorney General Ken Paxton announced the filing of a mandamus petition in the 5th Court of Appeals to strike down the actions by Dallas County Judge

this District has already concluded that the Governor was a proper defendant in a suit implicating his powers under the Texas Disaster Act. *Fagin v. Hughs*, 473 F. Supp. 3d 711, 717 (W.D. Tex. 2020) (Rodriguez, J.). In *Fagin*, the plaintiff asserted that Texas' ballot-access requirements for independent candidates were unconstitutional under the circumstances of the pandemic. *Id*. at 714. Because the Disaster Act gave the Governor sweeping powers to suspend such requirements during an emergency, the Governor could redress the plaintiff's injury and was thus a proper defendant. *Id*. at 717; *see* Tex. Gov't Code § 418.016(a). Here, likewise, the Governor can redress the injury resulting from enforcement of the mask-related provisions in GA-38 because the same Disaster Act provision that empowers him to issue such executive orders also allows him to "amend" or "rescind" them. Tex. Gov't Code § 418.012. Thus, an injunction directing the Governor to amend or rescind the sections of GA-38 that prohibit school mask mandates would provide complete relief, because the other Defendants would be left with nothing at all to enforce.

### C. Commissioner Morath and the Texas Education Agency are proper parties.

Commissioner Morath and the TEA are also proper defendants, because the TEA has issued "Public Health Guidance" that requires school districts to comply with GA-38's prohibition on mask mandates, and because the Commissioner has sweeping statutory powers to investigate and punish districts that do not comply with TEA's requirement.

By its own terms, TEA's "Guidance" is binding on local school districts. "Executive Order GA-38 provides TEA with the legal authority to publish ***requirements*** for the operation of public

---

Clay Jenkins"; "Any school district, public university, or local government official that decides to defy the order ***will be taken to court***." Office of the Texas Governor – Greg Abbott, "Governor Abbott, Attorney General Paxton Aligned in Defense of Executive Order Prohibiting Mask Mandates" (Aug. 11, 2021), https://gov.texas.gov/news/post/governor-abbott-attorney-general-paxton-aligned-in-defense-of-executive-order-prohibiting-mask-mandates (emphasis added).

school systems during the COVID-19 pandemic." Dkt. 21-2, Ex. B at 1 (emphasis added).[11] As for masks, TEA's Guidance makes very clear that local schools have no discretion: "Per GA-38, school systems cannot require students or staff to wear a mask." *Id.* at 1. The force of this requirement is only temporarily lessened by TEA's subsequent statement that it will not be enforced while litigation is ongoing.[12] The implication is clear that if the pending litigation is resolved in Defendants' favor, TEA will resume requiring school districts to comply with GA-38.

The threat of enforcement by the Commissioner and TEA stems not only from GA-38 but also from the Commissioner's own statutory authority under the Education Code, which gives him sweeping and expansive discretionary powers to investigate and sanction local school districts, including by issuing a public notice of any legal violation, launching a special accreditation investigation, installing a board of managers, or even closing and merging a district with one or more adjoining districts. *See generally* Tex. Educ. Code § 39.003(a)(16),(d)(2) (providing that, *inter alia*, the Commissioner may initiate a special investigation and lower a district's accreditation status *for any reason*); *id.* §§ 39.057, 39.102, and 39A.001 *et seq*. (various provisions for investigations, interventions, and sanctions). Thus, the Commissioner and TEA are "connected" to the enforcement of the mask provisions in GA-38 and the Public Health Guidance, and they are proper defendants under *Ex Parte Young*. *See City of Austin*, 943 F.3d at 998.

---

[11] Defendants try to obscure this fact by pointing to language recommending that schools "consult with their local public health authorities and local legal counsel before making final decisions regarding the implementation of this guidance." *Id.*; Dkt. 24 at 2. But that is aimed at other sections of the Guidance addressing matters such as testing, notification, contact tracing, and exclusion or isolation of COVID-positive students and their close contacts. *See* Dkt. 21-2, Ex. B at 1–2. GA-38 does not take away local schools' discretion to make their own policies on those matters.

[12] On August 19, 2021, TEA updated its Public Health Guidance to state: "Please note, mask provisions of GA-38 are not being enforced as the result of ongoing litigation. Further guidance will be made available after the court issues are resolved." *See* https://tea.texas.gov/sites/default/files/covid/SY-20-21-Public-Health-Guidance.pdf.

Plaintiffs also have standing to sue the Commissioner and TEA. *See NiGen*, 804 F.3d at 396; *Lujan*, 504 U.S. at 560. Plaintiffs' injuries are directly traceable to the Commissioner and TEA's actions in issuing mandatory "Guidance" prohibiting school districts from implementing mask requirements, which has hamstrung the schools' ability to effectively respond to the ongoing pandemic. This has led to a loss of educational opportunity for Plaintiffs, some of whom have been pushed out of in-person instruction to avoid potentially life-threatening harm from COVID-19, while others have been exposed to the same harm while attending school so that they may obtain the same education as their non-disabled peers.

Moreover, the effect of the Commissioner and TEA's action on school districts' policy decisions is undeniable. After TEA issued its Guidance prohibiting mask requirements on August 5, 2021, most school districts in Texas refrained from mandating masks. And the great majority of the school districts that are now requiring masks did not do so until *after* TEA's August 19, 2021 statement that the mask provisions of GA-38 will not be enforced while legal challenges are ongoing. Thus, the relief sought by Plaintiffs will redress Plaintiffs' injury by leaving local school districts free to make their own decisions on mask requirements.

## CONCLUSION

For these reasons, Defendants are proper parties and Plaintiffs have standing to sue them.[13]

---

[13] Defendants do not raise in their brief any argument that the school districts must be parties, and with good reason. The law states otherwise. *See, e.g., N.J. Prot. & Advocacy, Inc. v. N.J. Dep't of Educ.*, 563 F. Supp. 2d 474 (D.N.J. 2008) (local school districts were not necessary parties to disability-rights suit because plaintiffs were merely asking the state to make policy changes which the schools would then follow); *id*. at 491–92 (noting it would be "duplicative and cumbersome" to include local school officials as official-capacity defendants).

Dated: September 7, 2021

Respectfully submitted,

/s/ Thomas M. Melsheimer

Thomas M. Melsheimer
Texas Bar No. 13922550
tmelsheimer@winston.com
Scott C. Thomas
Texas Bar No. 24046964
scthomas@winston.com
Alex Wolens
Texas Bar No. 24110546
awolens@winston.com
John Michael Gaddis (*pro hac vice*)
Texas Bar No. 24069747
mgaddis@winston.com
William G. Fox, Jr. (*application pending*)
Texas Bar No. 24101766
wfox@winston.com
**WINSTON & STRAWN LLP**
2121 N. Pearl Street, Suite 900
Dallas, TX 75201
(214) 453-6500
(214) 453-6400 (fax)

Brandon W. Duke (*pro hac vice*)
Texas Bar No. 240994476
bduke@winston.com
**WINSTON & STRAWN LLP**
800 Capitol St., Suite 2400
Houston, TX 77002
(713) 651-2600
(713) 651-2700 (fax)

Dustin Rynders (*pro hac vice*)
Texas Bar No. 24048005
drynders@drtx.org
**DISABILITY RIGHTS TEXAS**
1500 McGowen, Suite 100
Houston, TX 77004
(713) 974-7691
(713) 974-7695 (fax)

L. Kym Davis Rogers
Texas Bar No. 00796442
krogers@drtx.org
**DISABILITY RIGHTS TEXAS**
1420 W. Mockingbird Lane, Suite 450
Dallas, TX 75247
(214) 845-4045
(214) 630-3472 (fax)

Robert Winterode (*pro hac vice*)
Texas Bar No. 24085664
rwinterode@drtx.org
**DISABILITY RIGHTS TEXAS**
2211 E. Missouri, Suite 243
El Paso, TX 79903
(210) 424-9652
(915) 542-2676 (fax)

Peter Hofer
Texas Bar No. 09777275
phofer@drtx.org
Brian East
Texas Bar No. 06360800
beast@disabilityrightstx.org
**DISABILITY RIGHTS TEXAS**
2222 West Braker Lane
Austin, TX 78758
(512) 407-2745
(512) 454-3999 (fax)

**ATTORNEYS FOR PLAINTIFFS**

## **CERTIFICATE OF SERVICE**

    The undersigned certifies that counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on September 7, 2021.

                                                         */s/Thomas M. Melsheimer*
                                                         Thomas M. Melsheimer