# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | |
|---|---|
| E.T., by and through her parents and next friends; D.D., by and through her parents and next friends; E.R., by and through her parents and next friends; J.R., by and through her parents and next friends; H.M., by and through her parents and next friends; N.C., by and through her parents and next friends; J.G., by and through her parents and next friends; E.S., by and through her parents and next friends; M.P., by and through her parents and next friends; S.P., by and through her parents and next friends; R.S., by and through her parents and next friends; J.V., by and through her parents and next friends; H.P., by and through her parents and next friends; and A.M., by and through her parents and next friends, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| GOVERNOR GREG ABBOTT, in his official capacity as GOVERNOR OF TEXAS; MIKE MORATH, in his official capacity as the COMMISSIONER of the TEXAS EDUCATION AGENCY; the TEXAS EDUCATION AGENCY; and ATTORNEY GENERAL KENNETH PAXTON, in his official capacity as ATTORNEY GENERAL OF TEXAS, | ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

Civil Action No. 1:21-CV-00717-LY

## PLAINTIFFS' SUPPLEMENTAL BRIEF IN SUPPORT OF THEIR MOTION FOR TEMPORARY RESTRAINING ORDER

### [REMAINDER OF PAGE INTENTIONALLY BLANK]

As the Court will recall, when Plaintiffs filed their Emergency Motion for Temporary Restraining Order and Preliminary Injunction (Dkt. No. 7) (the "Motion"), several Texas state district and appellate courts had entered and upheld temporary restraining orders or temporary injunctions prohibiting the enforcement of the mask-related provisions of GA-38. As a result, Plaintiffs set aside their request for a temporary restraining order and planned to proceed directly to trial (to the Court) on October 6, 2021. However, due to (1) recent dire news regarding the exponential increase in the number of COVID-19 cases in schools, the number of school district or campus closings, and the record number of pediatric COVID-19 hospitalizations; (2) the recent Texas Supreme Court ruling that effectively eliminated all state-court injunctions barring the enforcement of GA-38; and (3) Defendants' continued enforcement of GA-38, Plaintiffs respectfully request that the Court enter the previously requested temporary restraining order (see Dkt. No. 7) prohibiting enforcement of GA-38 until the conclusion of the bench trial (which is in 28 days) and file this supplemental brief in support of this request.[1]

At approximately noon on September 3, 2021, the Texas Department of State Health Services ("TXDSHS") posted an update to its summary of "Texas Public Schools COVID-19 Data" stating, as of the week ending August 29, 2021, there had been 51,904 cumulative positive

---

[1] Other federal courts have granted similar temporary restraining order enjoining the enforcement of bans on mask requirements. *See, e.g.*, *G.S. v. Lee*, No. 21-CV-02552-SHL-ATC, 2021 WL 4057812, at *8 (W.D. Tenn. Sept. 3, 2021) (finding that the plaintiffs are likely to succeed on the merits of their ADA and Section 504 claims, "irreparable harm will result if the Governor's Executive Order remains in place," and protecting the public health and enforcement of the ADA are in the public interest).

student cases of COVID-19 since the start of the school year (August 13, 2021).[23]  This most

recent update reflected 27,353 new positive student cases during the most recently reported week

alone.[4]  When Plaintiffs filed this case, the TXDSHS reported 1,273 cumulative positive student

cases.[5]  Thus, there has been a 4,000% increase in student cases in just three weeks, and, every

week, the number of new cases substantially increases.  Additionally, nearly four dozen school

districts have closed all or some of their campuses due to COVID-19 outbreaks.[6]  When Plaintiffs

filed this case, only four school districts had closed.  Finally, on September 5 and 6, 2021, the

TXDSHS reported a record high number of pediatric COVID-19 hospitalizations in the state, and,

as of September 7, 2021, only 80 available, staffed pediatric ICU beds in the entire state.[7]  This

---

[2]   TXDSHS,   https://www.dshs.texas.gov/coronavirus/schools/texas-education-agency/.   This
"dashboard" is updated each Friday by noon to reflect the statistics as of the end of the
preceding week.  The court can take judicial notice of statistics posted on a Texas state agency's website.
*See Valentine v. Collier*, 960 F.3d 707, 708 n.1 (5th Cir. 2020) (Davis, J., Concurring) ("We have
recognized that courts reviewing preliminary injunctions can take judicial notice of subsequent
factual developments bearing on the case. Indeed, this court has taken judicial notice of statistics
concerning COVID-19 already."); *Coleman v. Dretke*, 409 F.3d 665, 667 (5th Cir. 2005) (taking
judicial notice of Texas state agency's website); *cf. Kitty Hawk Aircargo, Inc. v. Chao*, 418 F.3d
453, 457 (5th Cir. 2005) (taking judicial notice of approval by the National Mediation Board
published on the agency's website); *Cicalese v. Univ. of Tex. Med. Branch*, 456 F. Supp. 3d 859,
872 (S.D. Tex. 2020) ("[G]overnmental websites are proper sources for judicial notice.").

[3] The TXDSHS also reported 13,026 cumulative positive staff cases as of August 29, 2021.  *Id.*
Unfortunately, two teachers in the Connally ISD passed away as a result of COVID-19 infections.
https://www.kcentv.com/article/news/local/2nd-connally-isd-teacher-dies-covid-19-school-shuts-
down-for-week/500-fc66542a-3c0f-47df-a096-be6e7824ab2b

[4] *Id.*

[5] *Id.*

[6] Allyson Waller, et al., At least 45 districts shut down in-person classes due to COVID-19 cases,
affecting more than 40,000 students, Texas Tribune (Sept. 3, 2021),
https://www.texastribune.org/2021/09/03/texas-covid-school-districts-shut-down/

[7] TXDSHS, Lab-Confirmed COVID-19 Hospitalizations,
https://txdshs.maps.arcgis.com/apps/dashboards/0d8bdf9be927459d9cb11b9eaef6101f; Julian
Gill, *Texas pediatric COVID hospitalizations hit record high over the weekend*, Houston

record-high hospitalization rate has left some pediatric hospitals in parts of Texas operating at 98% capacity.[8]  This data indisputably shows the threat of irreparable harm set forth in the Motion has been realized and substantially increased since the filing of this case and the Motion.

In addition to the grim statistics referenced above, the change in legal landscape since the filing of this case has revived the need for a temporary restraining order.  Although some state courts had enjoined the enforcement of GA-38's mask provisions at the time this case was first filed, subsequently, on August 26, 2021, the Supreme Court of Texas decided that Defendants should be allowed to enforce GA-38's mask provisions while the state court actions regarding GA-38 remain pending.  *See In re Abbott*, No. 21-0720, Order (Tex. Aug. 26, 2021).

In the absence of these state court injunctions, Defendants are free to violate Plaintiffs' federal rights by enforcing GA-38's unlawful mask provisions as outlined in Plaintiffs' Amended Complaint and Emergency Motion for Temporary Restraining Order and Preliminary Injunction. Dkt. Nos. 7, 21.  Despite recent representations to this Court to the contrary, that is exactly what Defendants—particularly Attorney General Paxton—have done.  As recently as 3:39 pm on September 3, 2021, the Attorney General sent a letter to the Honey Grove Independent School District stating "[The Attorney General's] office will pursue further legal action, including any available injunctive relief, costs and attorney's fees, penalties and sanctions—including contempt of court—available at law against any local jurisdiction and its employees that persist in enforcing

---

Chronicle (Sept. 7, 2021), https://www.houstonchronicle.com/news/houston-texas/health/article/Texas-pediatric-COVID-hospitalizations-hit-record-16439169.php

[8] Catherine Marfin, *Pediatric COVID-19 hospitalizations hit all-time high in Dallas-Fort Worth, officials say*, Dallas Morning News (Sept. 7, 2021), https://www.dallasnews.com/news/2021/09/07/pediatric-covid-19-hospitalizations-hit-all-time-high-in-dallas-fort-worth-officials-say/.

local mask mandates in violation of GA-38 and any applicable Court Order."[9]  At that same time,

the Attorney General updated his online list of "non-compliant" governmental entities—comprised

nearly entirely of school districts—noting that the Attorney General had sent letters to nearly every

school district, likely similar to the letter referenced above.[10]  Just hours later, the Attorney General

filed a brief in this case representing to the Court,[11] "The Attorney General does not enforce GA-

38[.]" (Dkt. 24 at 4). As a result of the Texas Supreme Court's Order and Defendants actions to

enforce GA-38 school districts have been prevented from implementing or withdrawn previously

adopted mask requirements.[12]

 The Court should issue a temporary restraining order enjoining Defendants from

continuing to violate Plaintiffs' federal rights through unlawful enforcement of GA-38.  The Court

should use its equitable power to return the parties to their last uncontested status, which is before

the point in time at which Defendants implemented their ban on mask requirements: June 4, 2021

and before.  On May 21, 2021, Governor Abbott ordered that governmental entities in Texas could

no longer require masks, but Governor Abbott allowed school districts to continue to require masks

---

[9] Ex. A.

[10] Just yesterday, the Attorney General's Office made another update to this list: https://www.texasattorneygeneral.gov/covid-governmental-entity-compliance (last updated: 9/7/2021, 11:11 A.M. CT).

[11] *See generally* FED. R. CIV. P. 11(b).

[12] *See, e.g.*, FBISD, Update on Mask Protocols Following State Supreme Court Decision (Aug. 28, 2021), https://bit.ly/3tp78cL ("The state-wide temporary restraining orders issued by courts in Travis County restraining Governor Abbott from enforcing the parts of Executive Order GA-38 that bar mask mandates are no longer in place. While the lawsuits challenging Executive Order GA-38 are not over, right now the provisions of Executive Order GA-38 that bar mask mandates are effective. In light of this legal development, at this time, the District is not requiring the wearing of masks."); *see also* n. 8 *supra* (listing school districts that are, according to the Attorney General "Now in Compliance (previously not in compliance).").

until June 4, 2021.  Ex. B, GA-34.  On June 4, 2021 and before, therefore, Defendants were respecting Plaintiffs' federal rights by affording school districts the discretion to require masks indoors.  Thus, the "last uncontested status of the parties" existed when school districts could still require masks on June 4, 2021 and before.  The Plaintiff-children in this case first moved to preserve this status quo once it became apparent Defendants' unlawful conduct would continue into the 2021–22 school year at the outset of another COVID-19 surge, so as to violate Plaintiffs' federal rights.  Dkt. Nos. 1, 7.

For the reasons stated herein and in the Motion, Plaintiffs respectfully request that the Court enter a temporary restraining order enjoining the Defendants from enforcing GA-38 until and through the October 6, 2021 bench trial.

Dated: September 8, 2021                         Respectfully submitted,

_____

Thomas M. Melsheimer
Texas Bar No. 13922550
tmelsheimer@winston.com
Scott C. Thomas
Texas Bar No. 24046964
scthomas@winston.com
Alex Wolens
Texas Bar No. 24110546
awolens@winston.com
John Michael Gaddis (*pro hac vice*)
Texas Bar No. 24069747
mgaddis@winston.com
William G. Fox, Jr. (*application pending*)
Texas Bar No. 24101766
wfox@winston.com
**WINSTON & STRAWN LLP**
2121 N. Pearl Street, Suite 900
Dallas, TX 75201
(214) 453-6500

(214) 453-6400 (fax)

Brandon W. Duke (*pro hac vice*)
Texas Bar No. 240994476
bduke@winston.com
**WINSTON & STRAWN LLP**
800 Capitol St., Suite 2400
Houston, TX 77002
(713) 651-2600
(713) 651-2700 (fax)

Dustin Rynders (*pro hac vice*)
Texas Bar No. 24048005
drynders@drtx.org
**DISABILITY RIGHTS TEXAS**
1500 McGowen, Suite 100
Houston, TX 77004
(713) 974-7691
(713) 974-7695 (fax)

L. Kym Davis Rogers
Texas Bar No. 00796442
krogers@drtx.org
**DISABILITY RIGHTS TEXAS**
1420 W. Mockingbird Lane, Suite 450
Dallas, TX 75247
(214) 845-4045
(214) 630-3472 (fax)

Robert Winterode (*pro hac vice*)
Texas Bar No. 24085664
rwinterode@drtx.org
**DISABILITY RIGHTS TEXAS**
2211 E. Missouri, Suite 243
El Paso, TX 79903
(210) 424-9652
(915) 542-2676 (fax)

Peter Hofer
Texas Bar No. 09777275
phofer@drtx.org
Brian East
Texas Bar No. 06360800
beast@disabilityrightstx.org
**DISABILITY RIGHTS TEXAS**
2222 West Braker Lane

Austin, TX 78758
(512) 407-2745
(512) 454-3999 (fax)

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF CONFERENCE

Counsel for Plaintiffs conferred with counsel for Defendants by telephone on September 7, 2021, and counsel for Defendants confirmed that Defendants remain opposed to Plaintiffs' motion.

*/s/Scott C. Thomas*
Scott C. Thomas

## CERTIFICATE OF SERVICE

The undersigned certifies that counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on September 8, 2021.

*/s/Thomas M. Melsheimer*
Thomas M. Melsheimer