# Exhibit A

**From:** "Kinghorn, Austin" <Austin.Kinghorn@oag.texas.gov>
**Date:** September 3, 2021 at 3:39:06 PM CDT
**To:** btmorrison@hgisd.net
**Cc:** GeneralCounsel <General.Counsel@oag.texas.gov>
**Subject: Correspondence from the OAG**

Dear Mr. Morrison,

Please see the attached correspondence from the OAG.

Respectfully,



**Austin Kinghorn**
General Counsel
Chief, General Counsel Division
OFFICE OF THE ATTORNEY GENERAL
P.O. Box 12548
Austin, Texas  78711-2548
(512) 936-1180
austin.kinghorn@oag.texas.gov

*This message may be confidential and/or privileged under Government Code sections 552.101, 552.103, 552.107, and 552.111 and should not be disclosed without the express authorization of the Attorney General.*



September 3, 2021

***VIA EMAIL***

Mr. Benjamin Todd Morrison
Superintendent, Honey Grove ISD
1206 N Seventeenth St
Honey Grove, TX 75446
btmorrison@hgisd.net

Dear Mr. Morrison:

      Your district recently enacted a local policy mandating that students and faculty wear face masks while at school. This mandate exceeds your district's authority as restricted by Governor Abbott's Executive Order GA-38, which states that "[n]o governmental entity, including a county, city, school district, and public health authority, and no governmental official may require any person to wear a face covering or to mandate that another person wear a face covering[.]"[1]

      The Governor's executive orders "have the force and effect of law" and supersede local regulations.[2] Courts have previously agreed.[3] Moreover, the Texas Supreme Court has now issued three orders staying lower court orders seeking to enjoin the Governor from asserting his authority to preempt local face-mask mandates.[4] Most recently, the Court stated that its stay order applies to "[t]his case, and others like it" and that the status quo of gubernatorial oversight over the wearing of masks at both the state and local levels "should remain in place while the court of appeals, and potentially this Court, examine the parties' merits arguments[.]"[5]

      The Texas Supreme Court has spoken. Local court orders purporting to enjoin the Governor's authority may not be enforced while appellate courts consider the underlying merits of these cases. This office will pursue further legal action, including any available injunctive relief, costs and attorney's fees, penalties, and sanctions—including contempt of court—available at law

---

[1] *See* Executive Order GA-38, issued July 29, 2021, available at: https://gov.texas.gov/uploads/files/press/EO-GA-38_continued_response_to_the_COVID-19_disaster_IMAGE_07-29-2021.pdf.
[2] *See, e.g.*, Tex. Gov't Code §§ 418.011–.012.
[3] *See, e.g.*, *State v. El Paso Cty.*, 618 S.W.3d 812 (Tex. App.—El Paso 2020, no pet.).
[4] https://www.txcourts.gov/supreme/orders-opinions/2021/august/august-15-2021.aspx; https://www.txcourts.gov/supreme/orders-opinions/2021/august/august-26-2021/.
[5] https://www.texasattorneygeneral.gov/sites/default/files/images/executive-management/21-0720_STAY%20ORDER%20ISSUED__MAND_FILECOPY.pdf.

against any local jurisdiction and its employees that persist in enforcing local mask mandates in violation of GA-38 and any applicable court order.

  I ask you to rescind your local policy requiring masks in public schools or, alternatively, not enforce it pending the Texas Supreme Court's disposition of the cases before it involving this issue. Otherwise, you face potential legal action brought by this office.

Sincerely,

*Austin Kinghorn*

Austin Kinghorn
General Counsel

2