# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| E.T., by and through her parents and next friends; D.D., by and through her parents and next friends; E.R., by and through her parents and next friends; J.R., by and through her parents and next friends; H.M., by and through her parents and next friends; N.C., by and through her parents and next friends; J.G., by and through her parents and next friends; E.S., by and through her parents and next friends; M.P., by and through her parents and next friends; S.P., by and through her parents and next friends; R.S., by and through her parents and next friends; J.V., by and through her parents and next friends; H.P., by and through her parents and next friends; and A.M., by and through her parents and next friends, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 1:21-CV-00717-LY |
|      Plaintiffs, | ) | |
|      v. | ) | |
| GOVERNOR GREG ABBOTT, in his official capacity as GOVERNOR OF TEXAS; MIKE MORATH, in his official capacity as the COMMISSIONER of the TEXAS EDUCATION AGENCY; the TEXAS EDUCATION AGENCY; and ATTORNEY GENERAL KENNETH PAXTON, in his official capacity as ATTORNEY GENERAL OF TEXAS, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | |
|      Defendants. | )<br>) | |

## ORDER GRANTING PLAINTIFFS' EMERGENCY MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUCTION

Pending before the Court is Plaintiffs' Emergency Motion for Temporary Restraining Order and Preliminary Injunction ("TRO") filed on August 18, 2021. (ECF No. 7).  On September 8, 2021, Plaintiffs filed a Supplemental Brief in Support of their Motion for a TRO.  (ECF No. ___).

Having considered the briefing, the applicable law, and all matters properly before the Court, the Court finds that Plaintiffs have clearly showed that immediate and irreparable injury, loss, or damage will result to Plaintiffs if Defendants Governor Greg Abbott's ("Governor Abbott"), Attorney General Kenneth Paxton, Texas Education Agency Commissioner Mike Morath's, and the Texas Education Agency's ("TEA") ("Defendants") acts are not immediately restrained.  Further, the Court finds that Plaintiffs have made a proper showing of (1) a substantial likelihood of success on the merits; (2) a substantial threat that failure to grant the TRO will result in irreparable injury to the moving party; (3) the threatened injury outweighs any damages the injunction may cause Defendants; and (4) the injunction is in the public interest. *See Jackson Women's Health Org. v. Currier*, 760 F.3d 448, 452 (5th Cir. 2014); *Mayo Found. for Med. Educ. & Research v. BP Am. Prod. Co.*, No. 2:20-CV-34- Z, 2020 WL 759212, at *2 (N.D. Tex. Feb. 14, 2020).

The Court finds that Plaintiffs have made a clear showing of irreparable harm in two ways. *First*, Plaintiffs are likely to suffer irreparable injury if Governor Abbott's Executive Order GA-38 ("Executive Order GA-38") is enforced because school has already begun, cases of COVID-19 are increasing in Texas, including thousands of positive cases among Texas students and a record high number of pediatric COVID-19 hospitalizations, dozens of Texas school districts have closed due to COVID-19 outbreaks, and under Executive Order GA-38 schools are prohibited from requiring face coverings and Defendants actions to enforce Executive Order GA-38 have prevented school districts from adopting mask requirements despite a desire to do so.  Without the ability for these school districts to implement a mask policy, Plaintiffs will be exposed to an increased risk of infection, hospitalization, or death because of COVID-19 or otherwise be forced to stay home and be denied the benefits of an in-person education.  *See G.S. v. Lee*, No. 21-CV-

02552-SHL-ATC, 2021 WL 4057812, at *8 (W.D. Tenn. Sept. 3, 2021).  Second, Plaintiffs are particularly vulnerable to COVID-19 due to their medical conditions and because they remain ineligible to receive the vaccine due to being under the age of 12 years old. Plaintiffs' exposure to a life-threatening virus that may cause lifelong complications is an irreparable harm incapable of being adequately remedied at law with money damages.  *See Parks v. Dunlop*, 517 F.2d 785, 787 (5th Cir. 1975); *Peregrino Guevara v. Witte*, Case No. 6:20-CV-01200, 2020 WL 6940814, at *8 (W.D. La. Nov. 17, 2020) (noting that "[i]t is difficult to dispute that an elevated risk of contracting COVID-19 poses a threat of irreparable harm").  Moreover, a temporary restraining order is necessary to prevent Plaintiffs from suffering the irreparable injuries described in this paragraph during the period between the entry of this order and the injunction trial set below.

**IT IS THEREFORE ORDERED**, to avoid irreparable harm and maintain the status quo, Plaintiffs' Emergency Motion for Temporary Restraining Order and Preliminary Injunction is **GRANTED IN PART**, and Defendants, Defendants' officers, agents, servants, employees, and attorneys, and other persons who are in active concert or participation with Defendants are hereby temporarily restrained and enjoined from implementing, giving any effect to, issuing any guidance adopting, imposing any fines or withholding any funding in connection with, or bringing any legal actions to enforce Paragraphs 3(b), 3(e), 3(g), and 4 of Executive Order GA-38 as to public schools or school districts, which provide in relevant part:

- that "no person may be required by any jurisdiction to wear or to mandate the wearing of a face covering," (ECF No. 21, Ex. A at ¶ 3(b)),

- that "[p]ublic schools may operate as provided by, and under the minimum standard health protocols found in, guidance issued by the Texas Education Agency," to the extent that it requires public schools to follow any TEA Guidance providing that

school systems cannot require students or staff to wear a mask, (ECF No. 21, Ex. A at 3(e)),

- that Paragraph 3 of Executive Order GA-38 "supersedes any conflicting local order in response to the COVID-19 disaster, and all relevant laws are suspended to the extent necessary to preclude any such inconsistent local orders," (ECF No. 21, Ex. A at 3(g)),

- that "no governmental entity can mandate masks," (ECF No. 21, Ex. A at ¶ 4),

- that "[n]o governmental entity, including a county, city, school district, and public health authority, and no governmental official may require any person to wear a face covering or to mandate that another person wear a face covering," (ECF No. 21, Ex. A at ¶ 4(a)),

- that Paragraph 4 of Executive Order GA-38 "shall supersede any face-covering requirement imposed by any local governmental entity or official," (ECF No. 21, Ex. A at ¶ 4(b)),

- that "[t]o the extent necessary to ensure that local governmental entities or officials do not impose any such face-covering requirements," Governor "suspend[s]" certain sections of the Texas Government Code, the Texas Health and Safety Code, the Texas Local Government Code, and "[a]ny other statute invoked by any local governmental entity or official in support of a face-covering requirement," (ECF No. 21, Ex. A at ¶ 4(b)), and

- that "face coverings cannot be mandated by any governmental entity," (ECF No. 21, Ex. A at ¶ 4(b)).

**IT IS FURTHER ORDERED** that the required bond or security to be posted by Plaintiffs under Rule 65(c) of the Federal Rules of Civil Procedure are waived.

**IT IS FURTHER ORDERED** that a trial is set in this case, including on Plaintiff's request for a permanent injunction, on October 6, 2021 at 9:00 a.m.

**IT IS FINALLY ORDERED** that this Temporary Restraining Order will expire in 28 days after its entry.  Good cause exists to extend the duration of this Temporary Restraining Order from 14 days to 28 days because of the expedited schedule and trial setting and the potential for further irreparable harm to Plaintiffs if this Temporary Restraining Order expired in 14 days.

SIGNED this September 8, 2021 at ___:___ __.m.


_____
THE HONORABLE LEE YEAKEL
UNITED STATES DISTRICT JUDGE