**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| E.T., by and through her parents and next friends; J.R., by and through her parents and next friends; H.M., by and through her parents and next friends; E.S., by and through her parents and next friends; M.P., by and through her parents and next friends; S.P., by and through her parents and next friends; and A.M., by and through her parents and next friends, | ) ) ) ) ) ) ) ) | Civil Action No. 1:21-CV-00717-LY |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | |
| | ) | |
| MIKE MORATH, in his official capacity as the COMMISSIONER of the TEXAS EDUCATION AGENCY; the TEXAS EDUCATION AGENCY; and ATTORNEY GENERAL KENNETH PAXTON, in his official capacity as ATTORNEY GENERAL OF TEXAS, | ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO STAY**

## INTRODUCTION

There is no basis for a stay.  The Attorney General insists that this Court's thorough reasoning is likely wrong, but he does nothing but repeat the arguments that this Court already rejected.  He takes the position that any interference with the enforcement of a law is necessarily irreparable injury, but just last week, the Fifth Circuit held the opposite.  *BST Holdings, L.L.C. v. Occupational Safety & Health Admin.*, ___ F.4th ___, 2021 WL 5279381, at *8 (5th Cir. Nov. 12, 2021).  He contends that any harm to Plaintiffs is "speculative," ignoring the fact that this Court has already held otherwise.  And he argues without authority that the balance of the equities gives greater weight to a state's sovereignty than it does to the Supremacy Clause and the federally protected rights of disabled children.  In every respect, the Attorney General's motion flies in the face of this Court's decision.  The motion should be denied.

## ARGUMENT

A stay pending appeal "is not a matter of right."  *Planned Parenthood of Greater Tex. Surgical Health Servs. v. Abbott*, 734 F.3d 406, 410 (5th Cir. 2013).  In fact, it is an "extraordinary remedy," *Belcher v. Birmingham Trust Nat'l Bank*, 395 F.2d 685, 685 (5th Cir. 1968), especially where "relief has been ordered to remedy constitutional violations," *United States v. Texas*, 523 F. Supp. 703, 729 (E.D. Tex. 1981).  To obtain a stay pending appeal, the movant bears the burden of demonstrating "the likelihood of his prevailing on the merits on appeal, that he is likely to suffer irreparable injury from the denial of the stay, that the other parties will not be substantially harmed by the grant of stay, and that granting the stay will serve the public interest."  *Beverly v. United States*, 468 F.2d 732, 740 n.13 (5th Cir. 1972); *accord Silicon Hills Campus, LLC v. Tuebor REIT Sub, LLC*, No. 1:20-CV-1201-RP, 2021 WL 783554,

at *2 (W.D. Tex. Mar. 1, 2021) (Pitman, J.) (citing *Planned Parenthood*, 734 F.3d at 410; *Zehr v. Osherow*, No. 5:18-CV-355-DAE, 2019 WL 266973, at *2 (W.D. Tex. Jan. 17, 2019)).

None of these factors favors granting a stay here.  To begin with, the Attorney General is not likely to succeed on the merits.  Although he argues that he need only show "a substantial case on the merits" (Dkt. 85 at 3), the Fifth Circuit's cases hold that this lesser showing is appropriate only when "the balance of equities weighs heavily in favor of granting the stay," *Ruiz v. Estelle*, 650 F.2d 555, 565–66 (5th Cir. 1981), which is not the case here.  And in any event, the Attorney General's arguments do not demonstrate even a "substantial case."  His motion merely rehashes arguments already rejected by the Court.  For example, he continues to assert that Plaintiffs' only claimed injury is their risk of contracting COVID-19 (Dkt. 85 at 5), despite the Court's clear holding that Plaintiffs are injured by the denial of "reasonable access to in-person public school" (Dkt. 82 at 14).  He does not acknowledge the Court's holding, nor does he explain how it could be incorrect, based on the record at trial.  Without engaging with the Court's reasoning on this and other issues, the Attorney General cannot show a "substantial case on the merits," much less a strong likelihood of success on appeal.

The Attorney General has also failed to raise a serious question about the breadth and specificity of the injunction.  *See* Dkt. 85 at 11–12 (asserting that it is vague and overbroad). The Court held that GA-38 is preempted by three separate Acts of Congress and deprives Plaintiffs of their federal statutory rights.  The injunction is specific, clear, and unambiguous: it bars the Attorney General from enforcing the provisions of GA-38 prohibiting school districts from requiring masks.  The injunction simply prevents the Attorney General from engaging in conduct that this Court has declared to be in conflict with federal law and thus unconstitutional under the Supremacy Clause.  It goes no farther than that.  And it has no impact on

Commissioner Morath and the Texas Education Agency, over whom this Court found it lacked subject matter jurisdiction.  Dkt. 82 at 11.

The Attorney General will not suffer any irreparable injury absent a stay.  Complying with federal law is not an injury in the context of injunctions.  *Mitchell v. Pidcock*, 299 F.2d 281, 287 (5th Cir. 1962).  The Attorney General's federalism concerns are misplaced because the injunction merely prohibits him from engaging in conduct that violates the Constitution and federal statutes.  The Fifth Circuit held just last week that the government has no legitimate interest in enforcing a law that is unlawful and unconstitutional.  *BST Holdings*, 2021 WL 5279381, at *8 ("Any interest [the government] may claim in enforcing an unlawful (and likely unconstitutional) [order] is illegitimate."); *see also Tex. Med. Providers Performing Abortion Servs. v. Lakey*, No. A-11-CA-486-SS, 2011 WL 13137818, at *1 (W.D. Tex. Oct. 12, 2011) ("[T]he public interest does not favor enforcement of an unconstitutional act.").  Because complying with federal law is not an injury, allowing the injunction to go into effect cannot possibly cause an injury that would be irreparable to the Attorney General.  Moreover, the Court's injunction does not require the Attorney General to *do* anything; it merely requires him to *refrain* from acting to enforce GA-38 with respect to school districts.  As a result, it imposes no burden on him at all.  Indeed, given that the Attorney General asserts (albeit incorrectly) that he "is not tasked with enforcing GA-38" (Dkt. 85 at 8), it is unclear what consequences he believes will flow from the injunction.

On the other hand, granting a stay would certainly prolong the injury to Plaintiffs that this Court has already found is concrete, particularized, imminent, and redressable.  Dkt. 82 at 14–15.  Plaintiffs presented uncontroverted evidence at trial showing that they cannot obtain meaningful access to education if attending school means being in the proximity of unmasked classmates.

*See id.* at 25.  Indeed, Defendants did not mount any challenge to Plaintiffs' evidence

establishing the risks of COVID-19 to these students or the reasonableness of masking as an

accommodation.  In short, the factual record at trial proved that GA-38 indisputably places a

barrier between Plaintiffs and the schoolroom.  The Attorney General's motion does not

acknowledge that evidence, much less refute it.  Moreover, Plaintiffs proved that their own

school districts either currently have mask requirements that have been targeted by the Attorney

General—and thus stand an imminent chance of losing them—or would promptly impose or

consider imposing mask requirements if there was no risk of enforcement.  *See id.* at 12, 14–15.

The Court has already found that this subjects Plaintiffs to an imminent deprivation of

meaningful access to in-person school.  *Id*. at 28.  Although the Attorney General insists that a

stay "will not harm Plaintiffs" (Dkt. No. 85 at 13), he ignores this Court's finding that

> because GA-38 precludes mask requirements in schools, Plaintiffs are either
> forced out of in-person learning altogether or must take on unnecessarily greater
> health and safety risks than their nondisabled peers. The evidence presented by
> Plaintiffs establishes that Plaintiffs are being denied the benefits of in-person
> learning on an equal basis as their peers without disabilities.

Dkt. No. 82 at 28.  And each day Plaintiffs are denied the benefits of in-person learning is a day

they cannot get back.  This is a substantial harm; indeed, its impact is irreparable.

Finally, the Attorney General has not demonstrated that the balance of the equities

supports granting a stay; in fact, the balance tips strongly in the other direction.  The injunction

prevents the Attorney General from enforcing the mask provisions of GA-38, which

unconstitutionally conflict with and violate federal law, against school districts.  That alone is

enough to show that leaving the injunction in place would serve the public interest, whereas

staying the injunction would *harm* the public interest.  *De Leon v. Perry*, 975 F. Supp. 2d 632,

665 (W.D. Tex. 2014) (holding that an "injunction preventing the enforcement of an

unconstitutional law serves, rather than contradicts, the public interest"), *aff'd sub nom. De Leon v. Abbott*, 791 F.3d 619 (5th Cir. 2015). The Attorney General's only argument to the contrary is his insistence that any harm to Plaintiffs is "speculative." Dkt. 85 at 13. But this Court has already specifically rejected that argument. Dkt. 82 at 14–15.

Weighing against the real, proven harm to students with disabilities is . . . *nothing*. The Attorney General has never made any effort in this case to show that Texas children will be harmed if their local elected officials are allowed to decide for themselves whether to require masks in a school or classroom, either as a reasonable accommodation for students with disabilities, or as part of their plan for the safe return of students to in-person instruction. The only "harm" he points to is to what he believes is an affront to the sovereignty of Texas. Dkt. 85 at 13. But again, the order staying enforcement of the OSHA vaccine mandate last week indicates that the Fifth Circuit will not accept this proposition. *BST Holdings*, 2021 WL 5279381, at *8 ("[A] stay will do [the government] no harm whatsoever. Any interest [the government] may claim in enforcing an unlawful (and likely unconstitutional) [order] is illegitimate."). Moreover, contrary to the Attorney General's suggestion, GA-38 is *not* a "statute[] enacted by representatives of its people." Dkt. 85 at 13 (quoting *Maryland v. King*, 567 U.S. 1301, 1303 (2012) (Roberts, C.J., in chambers)). It is an Executive Order imposed unilaterally by the Governor, with the express purpose of *limiting* the ability of elected officials to respond to local public health conditions and the demonstrated needs of children in their communities in a continuing global pandemic.

This Court has held that the Executive Order is unlawful and unconstitutional, and the balance of the equities weighs strongly in favor of enjoining its enforcement. That is no doubt

why this Court imposed the injunction in the first place.  It should remain in place during the

appeal.

## CONCLUSION

For the reasons stated above, the Court should deny the motion for a stay pending appeal.

Dated: November 16, 2021

Respectfully submitted,

_____
Thomas M. Melsheimer
Texas Bar No. 13922550
tmelsheimer@winston.com
Scott C. Thomas
Texas Bar No. 24046964
scthomas@winston.com
Alex Wolens
Texas Bar No. 24110546
John Michael Gaddis (*pro hac vice*)
Texas Bar No. 24069747
William G. Fox, Jr.
Texas Bar No. 24101766
**WINSTON & STRAWN LLP**
2121 N. Pearl Street, Suite 900
Dallas, TX 75201
Tel.: (214) 453-6500
Fax: (214) 453-6400

Linda T. Coberly (*pro hac vice*)
**WINSTON & STRAWN LLP**
35 W. Wacker Drive
Chicago, IL 60601
Tel.: (312) 558-5700
Fax: (312) 558-5800

Brandon W. Duke (*pro hac vice*)
Texas Bar No. 240994476
bduke@winston.com

-6-

**WINSTON & STRAWN LLP**
800 Capitol St., Suite 2400
Houston, TX 77002
Tel.: (713) 651-2600
Fax: (713) 651-2700

Dustin Rynders (*pro hac vice*)
Texas Bar No. 24048005
drynders@drtx.org
**DISABILITY RIGHTS TEXAS**
1500 McGowen, Suite 100
Houston, TX 77004
Tel.: (713) 974-7691
Fax: (713) 974-7695

L. Kym Davis Rogers
Texas Bar No. 00796442
krogers@drtx.org
**DISABILITY RIGHTS TEXAS**
1420 W. Mockingbird Lane, Suite 450
Dallas, TX 75247
Tel.: (214) 845-4045
Fax: (214) 630-3472

Robert Winterode (*pro hac vice*)
Texas Bar No. 24085664
rwinterode@drtx.org
**DISABILITY RIGHTS TEXAS**
2211 E. Missouri, Suite 243
El Paso, TX 79903
Tel.: (210) 424-9652
Fax: (915) 542-2676

Peter Hofer
Texas Bar No. 09777275
phofer@drtx.org
Brian East
Texas Bar No. 06360800
beast@disabilityrightstx.org
**DISABILITY RIGHTS TEXAS**
2222 West Braker Lane
Austin, TX 78758
Tel.: (512) 407-2745
Fax: (512) 454-3999

**ATTORNEYS FOR PLAINTIFFS**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on November 16, 2021.

*/s/Thomas Melsheimer*
Thomas Melsheimer
