IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
21 NOV 22 AM 9:44
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
          DEPUTY CLERK

| | |
|---|---|
| E.T., BY AND THROUGH HER PARENTS AND NEXT FRIENDS; D.D., BY AND THROUGH HER PARENTS AND NEXT FRIENDS; J.R., BY AND THROUGH HER PARENTS AND NEXT FRIENDS; H.M, BY AND THROUGH HER PARENTS AND NEXT FRIENDS; E.S., BY AND THROUGH HER PARENTS AND NEXT FRIENDS; M.P, BY AND THROUGH HER PARENTS AND NEXT FRIENDS; S.P., BY AND THROUGH HER PARENTS AND NEXT FRIENDS; AND A.M., BY AND THROUGH HER PARENTS AND NEXT FRIENDS,<br>　　　　　PLAINTIFFS,<br><br>V.<br><br>MIKE MORATH, IN HIS OFFICIAL CAPACITY AS THE COMMISSIONER OF THE TEXAS EDUCATION AGENCY; THE TEXAS EDUCATION AGENCY; AND ATTORNEY GENERAL KENNETH PAXTON, IN HIS OFFICIAL CAPACITY AS ATTORNEY GENERAL OF TEXAS,<br>　　　　　DEFENDANTS. | CAUSE NO. 1:21-CV-717-LY |

## ORDER ON MOTION TO STAY PENDING APPEAL

Before the court are Defendant's Motion for Stay Pending Appeal filed November 11, 2021 (Doc. #85) and Plaintiffs' Response to Defendant's Motion to Stay filed November 16, 2021 (Doc. #88). Following a bench trial on October 6, 2021, the court rendered an Memorandum Opinion Incorporating Findings of Fact and Conclusions of Law and Order on Motion to Dismiss (Doc. #82) and Permanent Injunction and Final Judgment (Doc. #83) on November 10, 2021,

dismissing Plaintiffs' claims against Defendants Mike Morath and the Texas Education Agency without prejudice for lack of subject-matter jurisdiction; declaring that Paragraph 4 of Governor Greg Abbott's Executive Order GA-38 violates Title II of the Americans with Disabilities Act of 1990 ("ADA") and Section 504 of the Rehabilitation Act of 1973 ("Section 504"), and is preempted by the ADA, Section 504, and the American Rescue Plan Act of 2021, insofar as Paragraph 4 applies to school districts, as that term is used in Executive Order GA-38, in Texas; and permanently enjoining Defendant Kenneth Paxton his employees, agents, servants, designees, and successors in office from imposing any fines, withholding state and federal educational funds, bringing any legal action to enforce or in any way attempting to enforce Paragraph 4 of Executive Order GA-38 insofar as Paragraph 4 applies to school districts, as that term is used in Executive Order GA-38, in Texas. Defendant Kenneth Paxton appealed to the United States Court of Appeals for the Fifth Circuit on November 11, 2021 (Doc. #84). The order on the motion to dismiss further concludes that Plaintiffs Paxton's enforcement of GA-38 overcomes any claim he may have to sovereign immunity.

Paxton seeks to stay this court's Memorandum Opinion Incorporating Findings of Fact and Conclusions of Law and Order on Motion to Dismiss (Doc. #82) and Permanent Injunction and Final Judgment (Doc. #83) until the appeal is concluded or, alternatively, seeks an order suspending the permanent injunction pending appeal. See FED. R. APP. P. 8(a)(1): FED. R. CIV. P. 62(d). A motion to stay a judgment under Rule 8 of the Federal Rules of Appellate Procedure or to suspend an injunction under Rule 62 of the Federal Rules of Civil Procedure ultimately seeks a delay the implementation of its decision until the Fifth Circuit has an opportunity to consider the validity of that ruling, thereby interrupting the ordinary process of judicial review and postponing relief for the prevailing party at trial. See *United States v. State of Texas*, 523 F. Supp. 703, 729 (E.D. Tex. 1981).

The United States Supreme Court established a four-factor test for suspending an injunction pending appeal: "(1) whether the [] applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a[n injunction]; (3) whether issuance of the [injunction] will substantially injure the other parties interest in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 434 (2009). *See also Planned Parenthood of Greater Tex. Surgical Health Servs. v. Abbott*, 734 F.3d 406, 410 (5th Cir. 2013). An injunction is not a matter of right, even if the applicant will suffer irreparable injury without it. 556 U.S. at 427. Having considered the motion and response, the court concludes that Paxton has failed to make a sufficient showing to warrant a stay pending appeal. Paxton argues that he "has raised a substantial case on the merits regarding the serious legal questions of standing and sovereign immunity" and has demonstrated a likelihood of success on the merits regarding Plaintiffs' ADA and Section 504 claims. Paxton asserts that given the novel nature of Plaintiffs' claims, the Fifth Circuit should haven an opportunity to consider these issues before an injunction is implemented.

The court concludes that Paxton has not presented a substantial case on the merits that would support a stay of the court's injunction. As the court has concluded, Paragraph 4 of GA-38 violates and is preempted by federal law. Paxton's contentions directly contradict federal law, and he fails to mount any challenge to Plaintiffs' evidence establishing the risks of COVID-19 to students with disabilities of the reasonableness of masking as an accommodation. Even if the Paxton had presented a substantial case on the merits, the balance of the equities heavily favors a denial of the requested stay.

Paxton asserts that immediately implementing the injunction will irreparably harm the State of Texas because Texas has an interest in enforcing its laws and thus enjoining Paxton—a state

official—from enforcing GA-38 imposes irreparable harm because it disturbs the *status quo*. The enforcement of GA-38 does not reflect the *status quo*, and Texas' interest in seeing its laws enforced does not, standing alone, outweigh the other factors the court must consider in determining whether to suspend an injunction. *Cf. Planned Parenthood*, 734 F.3d at 419 (staying injunction where government's interest was coupled with state's strong showing of likely success on merits). Because the court has found a violation of federal law, this factor only weighs weakly in Texas' favor.

On the other hand, the irreparable harm to Plaintiffs in being denied the benefits of in-person learning on an equal basis as their peers without disabilities weighs heavily against a stay. "As the [government entity] is the appealing party, its interest and harm merges with that of the public." *Id.* (citing *Nken*, 556 U.S. at 435). Texas has an interest in seeing its laws enforced, but because the court concludes that Paragraph 4 of GA-38 violates and is preempted by federal law, that interest can, at best, only weigh weakly in Texas' favor.

Moreover, Paxton's claim that the injunction is vague and overbroad is also without merit. The injunction bars Paxton from enforcing only the specific provisions of GA-38 prohibiting school districts from requiring masks, solely preventing Paxton from engaging in conduct that this court has concluded violates federal law.

Throughout this case Paxton has consistently and forcefully argued that he does not enforce GA-38 and Plaintiffs' asserted injuries will not be addressed by enjoining his actions. If Paxton is correct, in spite of the overwhelming evidence to the contrary that Paxton is enforcing GA-38, then Paxton has not shown that he or Texas is harmed by this court's injunction because its entry has no effect on either him or GA-38.

4

**IT IS THEREFORE ORDERED** that Defendant's Motion for Stay Pending Appeal filed November 11, 2021 (Doc. #85) is **DENIED**.

SIGNED this _22nd_ day of November, 2021.

LEE YEAKEL
UNITED STATES DISTRICT JUDGE